UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ VIVA LOGISTICS INC.,                │
│                                     │
│          Plaintiff,                 │
│                                     │
│      -v-                            │
│                                     │
│ MSC MEDITERRANEAN SHIPPING          │
│ COMPANY S.A., and MEDITERRANEAN     │
│ SHIPPING COMPANY (USA) INC.,        │
│                                     │
│          Defendants.                │
└─────────────────────────────────────┘
```

22-cv-5857 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

This dispute concerns approximately $40,000 worth of oranges. Compl., ¶¶ 17-18. Plaintiff Viva Logistics, Inc. ("Viva") alleges that defendants MSC Mediterranean Shipping Company, S.A. and Mediterranean Shipping Company (USA) Inc. (collectively, "MSC") failed to properly ventilate and refrigerate those oranges while they were en route from Cape Town to New York, in breach of the contract of carriage. Compl., ¶¶ 8-14. MSC has moved to dismiss the Complaint for failure to state a claim. Since Viva's claim is barred by the statute of limitations, MSC's motion is granted, and the Complaint is hereby dismissed with prejudice.[1]

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual

---

[1] MSC also argues that the Complaint should be dismissed because it names the wrong party. Def's Mem. of Law in Support of Mot. to Dismiss, ECF No. 17, at 3-4. Since the Court finds that Viva's claims are time-barred, it need not address this argument.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIVA LOGISTICS INC.,

      Plaintiff,

-v-

MSC MEDITERRANEAN SHIPPING
COMPANY S.A., and MEDITERRANEAN
SHIPPING COMPANY (USA) INC.,

      Defendants.

22-cv-5857 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

    This dispute concerns approximately $40,000 worth of oranges. Compl., ¶¶ 17-18. Plaintiff Viva Logistics, Inc. ("Viva") alleges that defendants MSC Mediterranean Shipping Company, S.A. and Mediterranean Shipping Company (USA) Inc. (collectively, "MSC") failed to properly ventilate and refrigerate those oranges while they were en route from Cape Town to New York, in breach of the contract of carriage. Compl., ¶¶ 8-14. MSC has moved to dismiss the Complaint for failure to state a claim. Since Viva's claim is barred by the statute of limitations, MSC's motion is granted, and the Complaint is hereby dismissed with prejudice.[1]

    To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual

---

[1] MSC also argues that the Complaint should be dismissed because it names the wrong party. Def's Mem. of Law in Support of Mot. to Dismiss, ECF No. 17, at 3-4. Since the Court finds that Viva's claims are time-barred, it need not address this argument.

1

matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Though assertion of the statute of limitations is an affirmative defense, the Court may consider this defense on a 12(b)(6) motion to dismiss, provided that it "appears on the face of the complaint." Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003).

This case is governed by the United States Carriage of Goods at Sea Act ("COGSA"), codified at 46 U.S.C. § 30701 et seq. See Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 29 (2004) ("By its terms, COGSA governs bills of lading for the carriage of goods from the time when the goods are loaded on to the time when they are discharged from the ship."). The statute of limitations under COGSA bars claims after one year, though this period can be extended by agreement. See note following 46 U.S.C. § 30701, at § 3(6) ("In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered . . . ."); United Perfume Inc. v. Evergreen Marine Corp. (Taiwan), No. 15 CIV. 9296 (PGG), 2017 WL 5015779, at *7 (S.D.N.Y. Aug. 7, 2017) ("It is well-established that COGSA's one-year statute of limitations can be waived or tolled by an extension of time to sue granted by the carrier or the ship.").

Viva failed to file the Complaint within the one-year statute of limitations. Viva received the allegedly spoiled oranges on June 21, 2021. Compl., ¶ 11. One year following that date is June 21, 2022. The Complaint was filed nearly three weeks after this latter date, on July 11, 2022. See ECF No. 5.

Viva argues that the Complaint was, nonetheless, timely filed, because MSC voluntarily extended the statute of limitations period. On June 8, 2022, Peter Simeoni, an attorney acting on behalf of MSC, sent an email in which he said, with respect to Viva's claim, "Time extension will be granted for one month up to and including 8/7/2022 purely based on good will." See Decl. of James A. Marissen, ECF No. 18, Ex. 2. Viva asserts that, through this email, MSC voluntarily extended the statute of limitations period through August 7, 2022.

This argument is frivolous. The unavoidable interpretation is that Mr. Simeoni -- a South African lawyer, emailing a German addressee -- used the day-month-year convention prevalent in both South Africa and in Germany to enumerate the date and therefore extended the statute of limitations by only the one month indicated in his communiqué, to July 8, 2022.[2] Even when the facts are viewed in a light most favorable to the plaintiff, it is simply not

---

[2] In fact, there is some evidence that Viva itself understood that this was the intended effect of Mr. Simeoni's email, as Viva's counsel entered a notice of appearance on July 8, 2022, and Viva filed the Complaint shortly thereafter (though still late), on July 11, 2022. See ECF Nos. 1, 3.

3

plausible to infer that the statute of limitations period applicable to Viva's claims extended beyond July 8, 2022.

Viva does not produce any justification or excuse for breaching COGSA's statute of limitations. In the absence of such, the general rule that a "waiver of the one-year statute of limitations period under COGSA is strictly construed" must be enforced. Gen. Elec. Co. v. M/V Gediz, 720 F. Supp. 29, 31 (S.D.N.Y. 1989). For "[i]t is in the interests of all shippers and all carriers that when a steamship company grants an extension of the time for suit, in writing, before the running of the statute, specifically limited to a fixed and reasonable time, that the parties be able to rely on the terms of their agreement. If a shipper may dishonor an unambiguous extension agreement, and if a carrier is to be penalized for being liberal toward a shipper in not requiring rigid adherence to the statute -- there will be no more extensions." United Fruit Co. v. J. A. Folger & Co., 270 F.2d 666, 670 (5th Cir. 1959).

Since the statute of limitations bars Viva's claim, amendment of Viva's Complaint would be futile. The Complaint is hereby dismissed with prejudice.

SO ORDERED.

New York, NY
December 30, 2022

_____
JED S. RAKOFF, U.S.D.J.